UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Anna Parsons

    v.

New Hampshire Department of Health
and Human Services, Division for
Children, Youth and Families

Case No. 23-cv-415-SM-TSM
Opinion No. 2024 DNH 044

O R D E R

Anna Parsons brings suit against her former employer, the New Hampshire Department of Health and Human Services, Division for Children, Youth and Families ("DHHS"), asserting a violation of Title I of the Americans with Disabilities Act ("ADA") and a state law claim for wrongful termination. DHHS has moved to dismiss Parson's claims, invoking sovereign immunity under the Eleventh Amendment. Parsons objects.

Standard of Review

As DHHS acknowledges, neither the Supreme Court nor the First Circuit Court of Appeals has decided, definitively, whether Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6) applies to a motion to dismiss based on sovereign immunity (which is a challenge to the court's subject matter jurisdiction). See, e.g., Clemente Props., Inc. v. Pierluisi Urrutia, --- F. Supp. 3d ---, 2023 WL 6201397, at *6 (D.P.R. Sept. 22, 2023). DHHS further contends that the court need not

1

decide the issue here, where the facts are not disputed for purposes of sovereign immunity.  See Ramos-Pinero v. Puerto Rico, 453 F.3d 48, 51 (1st Cir. 2006); Valentin v. Hospital Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001).  When the jurisdictional facts are undisputed, the court accepts all well-pleaded facts alleged in the complaint as true, disregarding legal labels and conclusions, and resolving reasonable inferences in the plaintiff's favor.  Ramos-Pinero, 453 F.3d at 51 (addressing a motion to dismiss based on sovereign immunity under both Rules 12(b)(1) and 12(b)(6)).

Background

In the amended complaint, Anna Parsons alleges that she has been diagnosed with attention deficit hyperactivity disorder, major depressive disorder, and anxiety disorder, which impact her ability to focus, stay on task, process information, and complete tasks as expeditiously as a person who does not have those conditions.  Parsons began working for DHHS in August of 2019 as a Child Protective Service Worker I, investigating abuse and neglect claims against children, creating safety and care plans, and performing risk assessments for families in need of DHHS services.  Parsons requested and was granted certain accommodations for her stated disabilities.

Due to the COVID-19 pandemic, all DHHS employees began working remotely in March of 2020. During that time, Parsons requested scheduling accommodations, but her supervisors responded that she was not trying or working hard enough. Despite those issues, in August of 2020, Parsons received a satisfactory performance review.

The next day, on August 21, 2020, Anna spoke with Human Resources regarding the Family Medical Leave Act, as well as accommodations for her disability. She continued to have difficulties with productivity and received criticism and additional attention from supervisors. On January 26, 2021, Parsons took FMLA leave. When she returned from leave in mid-March 2021, she was demoted to "case aid status," which meant she could not do assessments and could only assist in investigations. Parsons resigned from her position with DHHS on May 20, 2021.

On September 16, 2021, Parsons filed a charge of discrimination with the New Hampshire Commission for Human Rights ("NHCHR") and the Equal Employment Opportunity Commission ("EEOC"). In her amended complaint, Parsons states that her charge of discrimination before the NHCHR "alleged violations of the ADA, alleging failure to accommodate disability, retaliation, and wrongful discharge." Doc. no. 7, at 2 ¶ 11. DHHS was ordered to respond and participated in the

3

investigation of Parson's charges in that proceeding.  Based on its investigation, the NHCHR/EEOC found no probable cause to support the claims and issued a right to sue letter.

After receiving the right to sue letter, Parsons filed this action.  She alleged four claims under Title I of the ADA (42 U.S.C. § 12101, et seq.) and Section 504 of the Rehabilitation Act (29 U.S.C. § 794) (Counts I through IV) and one wrongful discharge claim under state law (Count V).  After DHHS moved to dismiss, Parsons voluntarily dismissed her state law wrongful discharge claim, Count V, leaving four claims under the ADA and Section 504 of the Rehabilitation Act.

## Discussion

DHHS moves to dismiss Parsons's claims under the ADA in Counts I through IV based on Eleventh Amendment sovereign immunity.  See Bd. of Trs. of Univ. of Ala. V. Garrett, 531 U.S. 356, 374 (2001) (invalidating Congress's abrogation of sovereign immunity for purposes of Title I of the ADA); accord Tennessee v. Lane, 541 U.S. 509, 514 (2004); Torres-Alamo v. Puerto Rico, 502 F.3d 20, 24 (1st Cir. 2007).  In her objection to the motion, Parsons does not dispute that sovereign immunity applies to Title I ADA claims under Garrett but argues that DHHS waived sovereign immunity by participating in the NHCHR/EEOC investigation of her charges without asserting sovereign

4

immunity and that, under Garrett, sovereign immunity does not bar her equitable claims against DHHS.  DHHS responds that participation in the NHCHR/EEOC investigation did not waive sovereign immunity and that the exception to sovereign immunity recognized in Garrett for equitable claims applies only to claims brought against state officials, not to claims against a state agency such as DHHS.

DHHS did not move to dismiss Parsons's claims under Section 504 of the Rehabilitation Act in Counts I through IV.  For that reason, the court does not address the Rehabilitation Act claims, which survive DHHS's motion to dismiss.

A.   Waiver of Sovereign Immunity by Litigation Conduct

A state may waive the protection of sovereign immunity in federal court through its litigation conduct when the state voluntarily invokes federal court jurisdiction. Lapides v. Bd. of Regents of Univ. Sys. of Ga., 535 U.S. 613, 619-622 (2002). To be an effective waiver however, the state's conduct "must be 'unambiguous' and 'evince a clear choice to submit its rights to adjudication by the federal courts.'" Consejo de Salud de la Comunidad de la Playa de Ponce, Inc. v. Gonzalez-Feliciano, 695 F.3d 83, 104 (1st Cir. 2012) (cleaned up) (quoting Ramos-Piñero v. Puerto Rico, 453 F.3d 48, 52 (1st Cir. 2006)).  In determining whether a waiver has occurred, the court's focus is

5

on "the litigation act the State takes that creates the waiver." Lapides, 535 U.S. at 620.

When a state agency removes a case from state court to federal court, its litigation conduct invokes the federal court's jurisdiction, and the state waives sovereign immunity. Id. On the other hand, however, a state agency's participation in an EEOC proceeding to address a charge of discrimination does not invoke federal court jurisdiction and does not waive sovereign immunity.[1] Sullivan v. Univ. of Tex. Health Sci. Ctr., 217 F. App's 391, 392 (5th Cir. 2007); McGinty v. New York, 251 F.3d 84, 94 (2d Cir. 2001); Vanderhoff v. Arizona, 2017 WL 6415400, at *3 (D. Ariz. July 20, 2017); Coats v. Utah, 2013 WL 1624495, at *2 (D. Utah Mar. 25, 2013); Smith v. Kansas, 574 F. Supp. 2d 1217, 1220 (D. Kan. 2008).  Further, "'[t]hat a State is haled into federal court as a defendant against its will and then defends itself once therein'" does not waive sovereign immunity.  Frederick v. New Hampshire, 2017 WL 1843080, at *2 (D.N.H. May 5, 2017) (quoting Consejo de Salud de la Comunidad de la Playa de Ponce, Inc. v. Gonzalez-Feliciano, 695 F.3d 83, 104 (1st Cir. 2012)).

---

[1] A state agency's representations to its employees and the public that it complies with the requirements of the ADA do not waive sovereign immunity.  Passaro v. Virginia, 935 F.3d 243, 248 (4th Cir. 2019); Dottin v. Texas Dep't of Crim. Just., No. 1:13-CV-710, 2014 WL 11498078, at *5 (E.D. Tex. Nov. 25, 2014), aff'd, 627 F. App'x 397 (5th Cir. 2015).

Parsons argues, nevertheless, that DHHS waived sovereign immunity by failing to raise the defense in the NHCHR/EEOC proceeding. The Eleventh Amendment provides immunity to states from suits by private parties in federal court. Garrett, 531 U.S. at 363. Eleventh Amendment immunity does not apply in NHCHR/EEOC proceedings, which is the administrative mechanism through which the EEOC investigates charges of discrimination to determine whether probable cause exists to pursue the matter. See Passaro v. Virginia, 935 F.3d 243, 248 (4th Cir. 2019). The cases that Parsons cites outside of the EEOC context are inapposite to the circumstances presented here.[2]

---

[2] In Taylor v. U.S. Dep't of Labor, 440 F.3d 1 (1st Cir. 2005), cited by Parsons, an issue arose about intervention by the Assistant Secretary for Occupational Safety and Health in administrative proceedings before the Department of Labor, which would affect the sovereign immunity of defendants State of Rhode Island and the Department. When the Assistant Secretary was enjoined from intervening and the Secretary of Labor decided not to intervene, the Administrative Law Judge dismissed the plaintiffs' case based on sovereign immunity. Id. at 4. The plaintiffs appealed, but the Administrative Review Board ("ARB") affirmed the ALJ's decision.

The plaintiffs appealed to the First Circuit Court of Appeals, arguing that the state had waived sovereign immunity by participating in the administrative proceedings. The court noted that in New Hampshire v. Ramsey, 366 F.3d 1, 15 (1st Cir. 2004), (also cited by Parsons) it had held that seeking review in federal court of an agency decision alone did not cause waiver of sovereign immunity, although using immunity to gain a litigation advantage could cause waiver. Id. at 5-6. The court found no waiver of sovereign immunity in Taylor and affirmed the ARB's decision. Id. at 8. Parsons has not shown any effort by DHHS to use immunity in this case to gain a litigation advantage, as found in Ramsey.

7

Therefore, Parsons has not shown that DHHS waived the protection of sovereign immunity in this case.

B.  Exception to Sovereign Immunity under Garrett

Parsons contends that under Garrett she can enforce her ADA claims for equitable relief against DHHS. "[T]he Supreme Court has made clear that an official-capacity suit against a state officer for injunctive relief may be brought to enforce the duties imposed by Title I of the ADA." Cushing v. Packard, 30 F.4th 27, 38 (1st Cir. 2022) (citing Garrett, 531 U.S. at 374 n.9). That is, private parties may enforce ADA standards "in actions for equitable relief under Ex parte Young, 209 U.S. 123 . . . (1908)." Garrett, 531 U.S. at 968, n.9; see also Virginia Office for Protection & Advocacy v. Stewart, 563 U.S. 247, 254 (2012) (discussing Ex parte Young).

---

The other cases Parsons cites do not address sovereign immunity. In Mercado v. Ritz-Carlton San Juan Hotel, Spa & Casino, 410 F.3d 41, 45 (1st Cir. 2005), the court held that the defendant's failure to raise a timeliness defense before the EEOC did not cause waiver of the defense because the EEOC did not issue a decision on the merits. That decision, then, supports DHHS's invocation of immunity in court rather than in the EEOC proceeding. In Ester v. Principi, 250 F.3d 1068, 1071-72 (7th Cir. 2001), the defendant did not challenge the plaintiff's claim in the EEOC proceeding on timeliness grounds, the plaintiff argued that the timeliness defense was waived, and the court agreed because timeliness affected the orderliness of the administrative proceeding. Id. at 1071. That principle does not apply here.

8

Importantly, "[t]he Ex parte Young doctrine allows suits . . . for declaratory or injunctive relief against state officers in their official capacities." Reed v. Goetz, 598 U.S. 230, 234 (2023). As DHHS points out, Parsons brings ADA claims against DHHS itself, not against a state official or officer in his or her official capacity. Because Parsons has not alleged an ADA claim against a state official or officer in his or her official capacity, she has not brought a claim that is cognizable under the Ex parte Young doctrine. Although DHHS also disputes whether the relief Parsons seeks is prospective injunctive relief within the Ex parte Young doctrine, that issue need not be addressed here.

## Conclusion

For the foregoing reasons, the defendant's motion to dismiss (doc. no. 10) is granted. The ADA claims in Counts I-IV are dismissed. Count V is dismissed pursuant to the plaintiff's notice (doc. no. 11). The claims remaining are under Section 504 of the Rehabilitation Act in Counts I-IV.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

May 29, 2024

cc: Counsel of Record